**DAITZ v. DAITZ.**

Civ. No. 10224.

United States District Court
E. D. New York.

May 19, 1953.

Hill, Rivkins & Middleton, New York City, George B. Warburton, New York City, of counsel, for plaintiff.

Hendon & Hendon, New York City, Nathan Hendon, New York City, of counsel, for defendant.

GALSTON, District Judge.

The plaintiff seeks to recover from the defendant the sum of $5,652.87 which she alleges is the aggregate of a series of loans by her to the defendant.

The parties were married on October 10, 1936, but for some years they have not lived together. The jurisdiction of the Court is based on diversity of citizenship. The plaintiff alleges that between October 26, 1936 and September 10, 1937 the money was advanced for the purpose of enabling the defendant to begin "the business of aircraft flying instructor and the purchase of equipment" in connection with such business. She then alleges that as security for the loan the defendant purchased the equipment and organized the business under the name of Daitz Flying Service, and that she was the sole proprietor. The complaint continues in allegations that in the early part of 1939 the plaintiff, at the request of the defendant, executed a power of attorney to him under which he was constituted her attorney in fact to do all things necessary in the business of Daitz Flying Service, and that shortly following the defendant fraudulently and without her knowledge or consent created, or caused to be organized, the Denny Daitz Flying Corporation, and that he caused to be transferred to that corporation, without plaintiff's knowledge or consent, all the assets of the Daitz Flying Service.

The complaint alleges that the defendant deserted the plaintiff and took up residence elsewhere. The complaint further alleges that in 1942 the defendant became a mem-

ber of the Armed Forces of the United States and departed from his residence in the State of New York, and for the duration of the war was stationed at various places, either in the United States or in foreign countries, and that upon his discharge from the Armed Services he resided in Mexico, and that she did not ascertain that the defendant had returned to the State of New York until August 1948.

The answer denies the allegations of the complaint and sets up a statute of limitations as a separate defense.

■ The proof falls far short of establishing that the transactions between the parties were loans. The burden of proof was, of course, upon the plaintiff to establish that cause of action, but there was nothing to support her bare testimony. She produced no promissory note or other writing to indicate an obligation to repay any of the monies which the plaintiff turned over to the defendant. The plaintiff might reasonably have been expected to know that if the sums advanced were as loans, she should have had some written acknowledgment from the defendant. She was not inexperienced in business, having been a bookkeeper for a number of years. There was no written agreement to return the money at any time.

She instituted some action in the Domestic Relations Court and in the course of examination in this suit she was asked:

"Q. Did you say that they were a loan in the Domestic Relations Court? A. I think I did because—

"Q. Before you were positive, now you think you did, now, which is it? A. Well, some of the money I made as a loan, the rest of it he took himself, because I gave him blank checks, and he drew out the money, he stole it, I said that at that time. * * * When we got married, I gave him the money to invest in his business, and he promised to pay it back."

The plaintiff argues that the transfer of property of the plaintiff to the corporation controlled by the defendant constituted fraud, but nevertheless the action is based on allegations of loans and was not as the plaintiff now argues an unlawful conversion of the property. The property involved in the case is the cash and not the disposition thereof and there is no evidence to support her allegation that she acquired security for any of the loans. I may add that the defendant's testimony I found credible and convincing.

■ As to the defense of the statute of limitations, it appears that the last alleged loan was made in September 1937. The plaintiff's testimony is that the loans were payable on demand and, according to the law of the State of New York, actions thereon would begin to run from the date of the receipt of the loan. See Ludlow Valve Mfg. Co. v. Durey, D.C., 57 F. 2d 583.

■ The action was not commenced until August 1949. However, the fact that the defendant was in the Armed Services makes pertinent the provision of 50 U.S. C.A.Appendix, § 525, which provides:

"* * * The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action * * * by or against any person in military service * * * whether such cause of action * * * shall have accrued prior to or during the period of such service".

During the time, therefore, that the defendant was in the Armed Services, from September 1942 to November 1944, a period of two years, he could not have been sued by the plaintiff. However, the defendant could have been found with due diligence and have been served with process from 1937 to September 1942, and then again in 1945 to 1948. The proof shows that the defendant lived in Flushing since September 1945, and that his name appeared in the Queens County New York telephone book since September 1945. Also, it appears that his name and address in Flushing, New York, were registered in the United States

Department of Commerce, Civil Aeronautics Administration, Washington, D. C.

Accordingly the complaint must be dismissed.

Appropriate findings of fact and conclusions of law will be filed concurrently with this opinion.